Before STATE INDUSTRIAL BOARD, Respondent.

In the Matter of the Claims of PAMFILO APPIGNANI, Father, Claimant, Impleaded with SERAFINA APPIGNANI, Mother, and Five Minor Brothers and Sisters, Respondents, for Compensation under the Workmen's Compensation Law for the Death of AUGUSTINO APPIGNANI, Respondents, *v.* THE STATEN ISLAND RAPID TRANSIT COMPANY, Employer and Self-Insurer, Appellant.

Third Department, July 6, 1922.

**Workmen's Compensation Law — dependency — mother and five minor brothers and sisters of deceased partially dependent — father owned house and earned fair wages — employer on first hearing conceded that award should be made — award sustained.**

An award under the Workmen's Compensation Law, made to the mother and five minor brothers and sisters of a deceased employee, should be sustained, where the sole question raised is dependency, and it appears that the deceased con-

tributed to the support of the family, that after his death the claimants were unable to meet their bills for support, and that, upon a hearing before the State Industrial Commission, the representative of the employer stated that he was willing that a reasonable award be made, although, upon a rehearing demanded by the employer, it is shown that the father owned a house, which was incumbered, was earning fair wages and had been paid a considerable sum as insurance upon the death of the son, which money had been used to pay debts.

APPEAL by the defendant, The Staten Island Rapid Transit Company, from a decision and award of the State Industrial Commission, made March 29, 1921, and also from an affirmation of said decision and award made by the State Industrial Board on the 28th day of November, 1921.

The claim of the father of the deceased was denied, but an award was made to his mother and five minor brothers and sisters.

*William J. Kenney* [*Cravath, Henderson, Leffingwell & De Gersdorff*, of counsel], for the appellant.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

KILEY, J.:

The appellant is a self-insurer. Claimant's son, and intestate, was in its employ as a trainman; he had just passed his twenty-first birthday; he was killed December 24, 1920; the accident was in the course of his employment; there were five younger brothers and sisters, beside his father and mother, constituting the family; he had worked since he was sixteen years old and, outside of what was needed for his clothing, insurance premiums, and about $5 per week spending money, he handed in for the support of the family, which, after considering what his own board and room would be worth, amounted to about $700 a year. The accident, and that it was in the course of his employment and arose therefrom. is not questioned. Upon a formal hearing, had on March 15, 1921, and after the father had testified, the following is recorded: " Mr. Kenney (appearing for carrier): I guess that is all, commissioner. Deputy Commissioner Archer: What is the employer's position with respect to the case? Mr. Kenney: Why, I am willing you should make a reasonable award for as much as you may see fit, we don't raise any question about it." There was no attempt made to set aside this concession or to modify its force; it ought to be decisive of this appeal. The railway company appealed and asked for a rehearing; claimant was without counsel; a rehearing was had. In addition to the facts briefly set forth above it was developed that the deceased's father owned a house which he purchased through a building and loan association, and upon which,

from his evidence, he owed about $1,000, or owed that gross amount as his actual indebtedness; that a total insurance of $2,250 was paid to the father, or his parents; that the father earned $6 per day. The sole question raised is one of dependency. The evidence of the claimants is that they cannot meet their bills for support since the son's death. The insurance money was used to pay debts they had incurred, some of it on account of the son's death. The record shows that the son's money was used for the legitimate support of this family. Under *Matter of Hluboky* v. *Kopitz* (231 N. Y. 557); *Matter of Hess* v. *Donner Steel Co.* (230 id. 596); *Matter of Smith* v. *MacArthur Brothers Co.* (233 id. 537), and *Matter of Eaton* v. *Metal Alloys, Inc.* (Id.), it seems we will have to hold adversely to appellant's contention. An award was not made in favor of the father. It seems to be settled now that partial dependency of the mother and minor brothers and sisters will sustain an award.

This award should be affirmed, with costs to the State Industrial Board.

Award unanimously affirmed, with costs in favor of the State Industrial Board.